UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CAITLIN COAKLEY,<br><br>                    Plaintiff,<br>   v.<br><br>ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY,<br><br>                    Defendant. | CASE NO. 2:24-cv-00013-LK<br><br>ORDER GRANTING MOTION TO CONTINUE TRIAL DATE |

      This matter comes before the Court on Defendant Allstate Fire and Casualty Insurance Company's Motion to Continue Trial Date. Dkt. No. 15. Allstate seeks to continue the March 3, 2025 trial date to May 5, 2025. *Id.* at 1. For the reasons set forth below, the Court grants the motion.

## I. BACKGROUND

      Coakley filed her complaint in King County District Court on December 19, 2023. Dkt. No. 1-1 at 2. She contends that in June 2022, she was struck by an underinsured driver and sustained injuries, but she "has been unable to reach a fair resolution" with Allstate, which issued her uninsured motorist ("UIM") policy. *Id.* at 3–4. She asserts claims for breach of contract and

negligence under Washington law. *Id.* at 4. Allstate promptly removed the case to this Court, Dkt. No. 1, and on February 15, 2024, the Court entered a scheduling order, setting, among other dates, an August 5, 2024 deadline for expert disclosures and an October 4, 2024 discovery deadline, Dkt. No. 11 at 1–2.

On July 8, 2024, the parties filed a Stipulated Motion to Modify and Extend Deadlines "seeking modification and extension of the expert disclosures and other expert related deadlines as well as the discovery cutoff date." Dkt. No. 14 at 2. In their stipulation, the parties "agree[d] that additional time is needed to complete expert reports and additional discovery." *Id.* at 3. Consequently, the parties sought to extend the deadlines for expert disclosures, discovery, and dispositive motions/motions challenging experts by approximately eight weeks. *Id.* The parties requested that their trial date remain the same. *Id.* After the parties filed their stipulation, Court staff contacted them because the parties' stipulation ran afoul of the Court's 120-day rule: as set forth in the Court's Updated Standing Order for All Civil Cases, the Court requires that parties file dispositive motions at least 120 days prior to trial to allow the Court sufficient time following the noting date to issue a decision on the motion prior to the deadline for motions in limine. Dkt. No. 13-1 at 2–3.

Counsel spoke by telephone on July 15, 2024, and Coakley's counsel declined to agree to a trial date continuance. Dkt. No. 16 at 3. This motion followed. Dkt. No. 15.

## II. DISCUSSION

Scheduling orders "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Rule 16(b) "primarily considers the diligence of the party seeking the [extension]." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Under this standard, a schedule modification is permissible if the current deadline cannot be met despite the diligence of the moving party. *See id.* The Court's inquiry thus focuses on the moving party's

reasons for seeking a modification and, "[i]f that party was not diligent, the inquiry should end." *Id.* Along the same vein, the provisions of Local Civil Rule 16 are "strictly enforced" in order to "accomplish effective pretrial procedures and to avoid wasting the time of the parties, counsel, and the court[.]" LCR 16(m)(1). Carelessness is incompatible with a finding of diligence, *Johnson*, 975 F.2d at 609, as is "[m]ere failure to complete discovery within the time allowed," which "does not constitute good cause for an extension or continuance," LCR 16(b)(6). As the moving party, Allstate has the burden of demonstrating good cause. *See White v. Ethicon, Inc.*, No. C20-952-BHS, 2022 WL 596407, at *1 (W.D. Wash. Feb. 28, 2022).

Allstate contends that it has demonstrated good cause for a two-month extension of the trial date and other remaining case deadlines. Specifically, it notes that it is awaiting additional records from Coakley's medical providers, Coakley disclosed an additional provider on July 15, 2024, Coakley's deposition was rescheduled for August 28, 2024 after she became unavailable for the previously agreed July 19, 2024 date, and Allstate's experts need complete medical records and Coakley's deposition testimony before finalizing their opinions. Dkt. No. 15 at 1–5; *see also* Dkt. No. 16 at 2. Coakley responds that Allstate has received "most" of the medical records it sought, it delayed seeking discovery and Coakley's medical records, and it has not been diligent because it waited until July 1, 2024, about a month before the expert disclosure deadline, to request a Rule 35 independent medical examination. Dkt. No. 17 at 2–3; *see also* Dkt. No. 18 at 1–2.

The Court finds that Allstate has provided good cause for the requested continuance. As set forth above, the parties "agree[d] that additional time is needed to complete expert reports and additional discovery." Dkt. No. 14 at 3. Their requested stipulation to extend these deadlines fell through only because they also requested—at Coakley's insistence—an extension of the dispositive motion deadline without a corresponding extension of the trial date, running afoul of the Court's 120-day rule. Dkt. No. 20 at 3. Having previously agreed that the parties needed

ORDER GRANTING MOTION TO CONTINUE TRIAL DATE - 3

additional time for expert disclosures and discovery, Coakley's current objections ring hollow. Furthermore, the Court will not grant the parties' request for an extension of the deadline for dispositive motions and to challenge experts—included in the stipulated motion the parties have not withdrawn—without a corresponding continuance of the trial date. Dkt. No. 13-1 at 2–3 (setting forth the 120-day rule).

Even apart from the parties' agreement, Allstate has demonstrated good cause because it has not yet obtained all of Coakley's medical records or her deposition, which was postponed when Coakley became unavailable. Dkt. No. 20 at 3. The Court finds no lack of diligence on Allstate's part in conducting discovery. Accordingly, it grants the motion for a continuance.

### III.  CONCLUSION

For the foregoing reasons, the Court GRANTS Allstate's motion, Dkt. No. 15, and CONTINUES the trial date to May 5, 2025. The Court will issue a separate updated case schedule for ease of reference. The Court DENIES the parties' Stipulated Motion to Modify and Extend Deadlines. Dkt. No. 14.

Dated this 31st day of July, 2024.

*Lauren King*
Lauren King
United States District Judge